**FOSTER SECURITIES CO., Inc., v. OHMER et al.**

**No. 8131.**

Circuit Court of Appeals, Sixth Circuit.

Nov. 13, 1939.

Charles P. Taft, of Cincinnati, Ohio (Charles P. Taft and Taft, Stettinius & Hollister, all of Cincinnati, Ohio, on the brief), for appellant.

W. B. Turner, of Dayton, Ohio (E. H. &. W. B. Turner and W. B. Turner, all of Dayton, Ohio, on the brief), for appellees.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a judgment in favor of John F. Ohmer in an action at law for damages, entered upon motions for directed verdict made by both parties without reservation of the right to go to the jury. The case arises out of the same transaction as that set forth in Ohmer v. Allen, 6 Cir., 79 F.2d 942. Owing to the death of the appellee Ohmer, his executors have been substituted in this court.

Ohmer and Allen planned to buy certain stock of the Ohmer Fare Register Company held by the W. B. Farnham estate, each paying for one-half of the stock. Allen was unable to finance his share of the purchase without securing a loan. As the stock was closely held, the Central Trust Company of Rochester, New York, which was arranging to make the loan, required an assurance of a ready market for the stock which was to be pledged with the bank by Allen as security. Ohmer therefore sent Allen a letter in which, in consideration of Allen's allowing him to take up 500 shares of Ohmer Fare Register

common stock held under option by Allen, Ohmer agreed to purchase another 500 shares of the same stock which Allen was then purchasing from the W. B. Farnham estate from Allen or from "the holders if called upon by the holders at $200 per share after two years from date on three months' notice." This agreement was concurred in by Allen in a letter in which he stated:

"It is also understood that your agreement * * * is to purchase at my option or that of the holders all or any of the five hundred (500) shares of the Ohmer Fare Register Common Stock which I am purchasing from the W. B. Farnham Estate at $200 per share."

Ohmer wired that this letter of Allen's was satisfactory. Allen sold a portion of the stock to J. Taylor Foster. A reorganization of the Ohmer Fare Register Company resulted in a ten-for-one issue of the common stock. The stock sold by Allen which was derived from the Farnham estate stock is now held in four lots, one by appellant, a holding company of which Foster is the controlling stockholder. The other lots passed into the hands of Dorcur Corporation, Withers Investment Company, and Marshall Field. Dorcur Corporation and Withers Investment Company are personal holding companies for two partners of Field, Glore & Company, and Marshall Field is another partner in the latter company. While Ohmer later knew that certain stock had been sold to Foster, he did not know of Foster's transfers to these parties, and in fact he had originally notified Allen that he did not wish to be associated with Foster and Field, Glore and Company in a three-way purchase of the stock. Nor was Ohmer aware of the terms of the contract between Foster and Allen. Their arrangement is embodied in letters, the first of which, written by Allen to Foster, dated September 19, 1928, reads as follows:

"In accordance with our understanding, this is to notify you that I have exercised my option to buy at $200 a share the 1262 shares of Ohmer Fare Register Company Common Stock held by the Farnham Estate and of this stock 225 shares are to be turned over to the members of the Ohmer organization, and 500 shares to be turned over to Mr. J. F. Ohmer at the option price.

"In consideration of my allowing Mr. Ohmer to purchase this 500 shares, he has entered into an agreement with me covered by a letter signed by him, copy of which is enclosed.

"I in turn confirm the sale to you of 287 shares of the above mentioned stock at $200 per share, with the understanding that I am ceding to you a proportionate interest in the terms, conditions, and privileges covered in Mr. J. F. Ohmer's letter to me dated September 14, 1928, copy of which is enclosed, which proportion is equal to $287/537$ths of 500 shares. This sale is also subject to terms and conditions of an option given by me to Mr. J. F. Ohmer and my letter of September 18, copy of which is enclosed, in the same proportions as above mentioned, namely $287/537$ths of 500 shares. I agree that you shall have the privilege of sharing to the extent of your proportionate interest should I at any time exercise any privileges or rights enjoyed by me under the terms of Mr. Ohmer's letter and you, of course, agree to share with me your proportion of any calls which Mr. Ohmer may make upon me."

This letter enclosed the letter from Ohmer agreeing to purchase 500 shares of stock from Allen or "the holders."

Foster's reply to Allen's letter, dated September 20, 1928, reads as follows:

"I have your letter of September 19th regarding the sale by you to me and my purchase from you of 287 shares of Common Stock of the Ohmer Fare Register Company at $200 per share, and enclosing a copy of Mr. J. F. Ohmer's letter to you dated September 14th, 1928, and a copy of your letter to Mr. Ohmer dated September 18th, 1928. I agree to purchase said 287 shares from you at the price and upon the terms and conditions stated in your letter of September 19th, 1928.

"I also have your telegram of September 20th advising me that you have received a telegram from Mr. Ohmer stating that your letter to him of September 18th is satisfactory."

Foster, and later Foster Securities Company, as owner of 640 shares of the common stock, sent various letters seeking to require Ohmer to purchase these shares under the terms of the option of Allen, but Ohmer declined to do so. This action was instituted for the amount claimed to be due at $200 per original share.

Appellant contends that since Ohmer's contract with Allen provided that Ohmer should purchase the stock from Allen "or the holders," and since appellant is one of

the holders of equivalent stock, the option has been exercised in accordance with Ohmer's contract. The District Court gave judgment for Ohmer upon the ground that Allen's contract with Foster conferred no right against Ohmer.

We agree with the District Court that there was no privity of contract between appellant and Ohmer. Ohmer was not informed of the terms of Allen's contract with Foster nor did he have notice of Allen's attempted assignment of any interest in his contract with Ohmer. However, Ohmer in the letter of September 14th agreed to purchase the shares from Allen "or the holders." Appellant therefore contends that it is a "holder" of these shares with an enforceable right against Ohmer, and that the option was exercised and tender made in accordance with the contract.

Appellees urge that under this record "holder" means Allen or the Central Trust Company, and that Ohmer contracted to purchase shares from these parties only. There is testimony in the record supporting this contention. Taking into consideration the circumstances and situation of the parties (Ohmer v. Allen, supra; Baker v. W. J. Kennedy Dairy Co., 6 Cir., 77 F.2d 574), it appears that the sole purpose of Ohmer's contract with Allen was to provide a market for the stock so that Allen could borrow money to buy his share of the stock. Ohmer at one time specifically refused to have Field, Glore & Company enter the transaction. When Allen sold the stock to Foster, who immediately resold the major part of it to the partners of Field, Glore & Company, he was arranging for approximately three-fourths of the purchase through partners of the company with which Ohmer had refused to deal. This no doubt explains why Allen concealed from Ohmer the terms of his contract with Foster and also why he specified that Foster's right against Ohmer was only a right to share in Allen's rights under the option. But we need not construe the meaning of the term "holder," nor rule upon the question whether an ambiguity exists in the use of the term which limits its significance as contended by appellees. Assuming, but not deciding, that the term "holder" as employed by Ohmer included any one who should subsequently acquire legal title to the stock, the fact remains that Foster contracted that he should have rights against Ohmer only through Allen. Appellant concedes that its rights arise, if at all, under the contract between Allen and Foster. When Foster, in his letter of September 20th, agreed to purchase the shares from Allen "upon the terms and conditions" stated in Allen's letter of September 19th, as rightly decided by the District Court, he joined in a contract which limited his rights and the derivative rights of Foster Securities Corporation or Foster Securities Company, Inc., to a remedy, if any, against Allen. Foster expressly conditioned his own right to share in the privileges under the option upon the exercise of the option by Allen, and since he has not attempted to enforce the option through Allen, he has no recovery in this action.

Allen did not execute any formal assignment to Foster of the option given by Ohmer. Assuming that nevertheless he undertook to transfer to Foster a partial interest in the option, he still cannot recover. The option confers a single and entire right against Ohmer, and a partial assignment thereof without his consent creates no legal obligation against Ohmer. 4 Am. Juris., § 65; Restatement of Contracts, § 156.

The judgment is affirmed.